RECEIVED
IN LAKE CHARLES, LA

JAN 19 2011
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:08 CR 00196 |
| VS. | : | JUDGE MINALDI |
| JUSTO RODRIGUEZ-RODRIGUEZ | : | MAGISTRATE JUDGE KAY |

## MEMORANDUM RULING

Presently before the court is a Motion to Vacate, Set Aside or Correct Sentence (Rec. Doc. 34) under 28 U.S.C. §2255 filed by the defendant, Justo Rodriguez-Rodriguez ("Rodriguez"). The Government filed an answer ( Rec. Doc. 36). The defendant filed a reply (Rec. Doc. 37).

### Procedural History

On July 16, 2008, a federal grand jury returned a one-count indictment against the defendant, Justo Pastor Rodriguez-Rodriguez, charging him with one count of reentry by a deported alien, in violation of 18 U.S.C. §§ 1326(a) and (b)(2). (Rec. Doc. 1). The Federal Public Defender was appointed to represent the defendant. (Rec. Doc. 9).

On September 19, 2008, pursuant to a written plea agreement, the defendant pleaded guilty. (Rec. Doc. 15). The Presentence Investigation Report indicates that he had an offense level of 17 and a Criminal History Category of I. His imprisonment range was 24 to 30 months imprisonment. (PSR, para. 46). The Court imposed a sentence of 120 months. On January 22, 2009, the defendant was sentenced to 120 months imprisonment with credit for time served. (Rec. Doc. 21).

The United States Court of Appeals for the Fifth Circuit affirmed the defendant's sentence.

The judgment was entered into the district court record on January 8, 2010. (Rec. Doc. 27). On July 22, 2010, the defendant filed a motion to appoint counsel for purposes of his § 2255 motion. That request was denied by the this Court on August 3, 2010. On November 12, 2010, the defendant filed a motion to vacate sentence under 28 U.S.C. § 2255.

## Law

The defendant argues ineffective assistance of counsel. He also makes a constitutional argument, asserting that as a "deportable defendant" he is being subjected to serve a longer sentence than an American citizen.

A criminal defendant has a right to counsel under the Sixth Amendment, and the right to counsel entails the right to effective assistance of counsel.[1] To prove ineffective assistance of counsel under *Strickland*, a defendant must show (1) "that counsel's performance was deficient," and (2) "that the deficient performance prejudiced the defense."[2] A finding of deficient performance requires a showing that " 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment,' "[3] that is, petitioner must show that counsel's performance fell below an objective standard of reasonableness, as measured by prevailing professional norms.[4] Deficient performance is prejudicial "only if, but for counsel's errors, there is a reasonable probability that the final result would have been different and confidence in the

---

[1] *Strickland v. Washington*, 466 U.S. 668, 684-86, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

[2] *Id.* at 687, 104 S.Ct. 2052.

[3] *Leal v. Dretke*, 428 F.3d at 548 (quoting *Strickland*, 466 U.S. at 687, 104 S.Ct. 2052),

[4] *Strickland*, 466 U.S. at 688, 104 S.Ct. 2052.

reliability of the verdict has been undermined."[5] Failure to prove either deficient performance or prejudice will defeat an ineffective assistance of counsel claim.[6]

Rodriguez asserts that his counsel was ineffective because even though the Presentence Report ("PSR") indicated that an upward departure was warranted based upon his criminal history, his attorney did nothing to "seek a downward departure with valid sentencing factors."[7] Rodriguez argues that his counsel was ineffective for failing to raise the "fast-track" provision.

If Rodriguez had been arrested in a different state, he may have been eligible for a shorter sentence under the "fast track" provisions offered in certain other districts. The fast track procedures are only available in certain areas of the United States and authorize a downward departure of up to four levels for illegal entry defendants who agree to plead guilty and not to contest removal from the United States. *See United States v. Bernal-Alcocer* 315 Fed.App'x. 575, 577(6th Cir. 2009); *United States v. Hernandez-Fierros,* 453 F.3d 309, 310-11 (6th Cir.2006). Rodriguez concedes in his brief that Louisiana is not one of the states to recognize this "fast-track" provision, yet he submits that it should have been raised for discretionary review and the failure to raise the issue constituted ineffective assistance of counsel. In *United States v. Gomez-Herrera,* 523 F.3d 554, 563 n.4 (5th Cir. 2008), the Fifth Circuit specifically stated, "A district court ruling deviating from the Guidelines on the basis of sentencing disparity created by Congressionally mandated fast track programs only in districts approved by the Attorney General would result from an erroneous view of the law." It

---

[5] *Leal,* 428 F.3d at 548 (citing *Little v. Johnson,* 162 F.3d 855, 860-61 (5th Cir.1998)).

[6] *Id; Diaz v. Quarterman,* 2007 WL 1112044, *7 (5th Cir. 2007).

[7] ¶4, p. 2 of §2255 motion.

3

is well-settled law that an attorney cannot be ineffective for failing to raise a meritless claim.[8]

Rodriguez also argues that there is an unconstitutional sentencing disparity between those who are deportable and those who are American citizens.[9] Rodriguez argues that a disparity is created because he would not be eligible for a halfway house at the end of his sentence[10] and because deportation amounts to a "life sentence of banishment."[11]

In imposing a procedurally proper sentence, the District Court must: (1) correctly calculate the proper Guidelines sentence; (2) formally resolve any departure motions; and (3) exercise its discretion in determining the applicability of any relevant 18 U.S.C. § 3553(a) factors. *See United States v. Gunter*, 462 F.3d 237, 247 (3d Cir.2006). In this case, Probation submitted a PSR which correctly calculated the Guideline range. There were no objections to the PSR. The court upwardly departed on its own initiative and dictated reasons into the record. In the Statement of Reasons, the court stated that "An upward departure is warranted pursuant to USSG §4A1.3 as the defendant's criminal history is under represented. The defendant has prior convictions for Assault-Bodily Injury,

---

[8] *Sones v. Hargett*, 61 F.3d 410, 415 n. 5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point."); *United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) ("Counsel is not required by the Sixth Amendment to file meritless motions."); *Koch v. Puckett*, 907 F.2d 524, 527 (5th Cir. 1990) ("[C]ounsel is not required to make futile motions or objections."); *Murray v. Maggio*, 736 F.2d at 283 ("Counsel is not required to engage in the filing of futile motions.")

[9] The defendant is not arguing that he was not advised that if he pleaded guilty to the charges, that he would be deported.

[10] In *United States v. Alan Lun Wai Ng*, 378 Fed.App'x. 299, 301 (4th Cir. 2010) the same issue was raised. According to Ng, his status as a deportable alien created unwarranted sentencing disparities between himself and a U.S. citizen found guilty of similar conduct because he would not be eligible to spend the final ten percent of his sentence in a halfway house and would remain detained pending deportation.

[11] P. 4, Rodriguez §2255 motion.

Delivery of Cocaine, and Possession of Marijuana that did not receive criminal history points simply because of the age of the convictions. The defendant has previously been deported from the United States on at least two occasions. An upward departure is warranted." This court clearly gave meaningful consideration to all of the applicable 18 U.S.C. § 3553(a) factors and made an individualized assessment based on the facts presented. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir.2009). This sentence has been affirmed by the Fifth Circuit. This court provided sufficient justification on the record to support its sentencing conclusions.

The defendant argues that his counsel failed to raise mitigating factors that would have impacted his sentencing, such as his belief that deportation is equivalent to a life sentence of banishment[12] and that he would not be eligible for a halfway house. The Court notes that defense counsel, in the sentencing memorandum (Rec. Doc. 16), argued against the upward departure. There is no showing that counsel's efforts were not those of a reasonably competent practitioner. Rodriguez points to no deficient performance by counsel which prejudiced his case or deprived him of an opportunity to have a fair sentencing. Rodriguez "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Whether Rodriguez's attorney should have argued these "mitigating factors" depends on the specific circumstances of his case. A defendant's status as a deportable alien does not automatically entitle him to a downward departure from the sentencing guidelines. Rodriguez has provided

---

[12] "[A] life sentence of banishment" (*Jordan v. De George*, 1951, 341 U.S. 223, 232, 71 S.Ct. 703, 95 L.Ed. 886 (dissenting opinion of Justice Jackson).

nothing to show that at the time of his sentencing, there was any basis for a reasonable attorney to conclude that his sentence was substantially more severe *because of his status as a deportable alien.* Consequently, Rodriguez has failed to establish that a reasonably competent attorney would have sought such a departure or that there is a reasonable probability that the sentence he received would have been different if his attorney had given the assistance that he alleges should have been provided. The Court concludes that Rodriguez has not provided any evidence to convince this Court that his constitutional rights were violated.

Based on the foregoing, Rodriguez has failed to demonstrate that his counsel was deficient in not raising the deportation and the inequality of sentence arguments, nor has he established any prejudice therefrom.   Accordingly, the defendant's §2255 motion will be denied.

Lake Charles, Louisiana, this __18__ day of January, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE