RECEIVED
IN LAKE CHARLES, LA.

JUL - 1 2011

TONY R. MOORE, CLERK
BY_____
          DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **DOCKET NO. 2:08 CR 00196** |
| **VS.** | : | **JUDGE MINALDI** |
| **JUSTO PASTOR RODRIGUEZ-RODRIGUEZ** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Presently before the court is a Motion to Alter or Amend Judgment (Rec. Doc. 44) pursuant to Fed. R. Civ. P 59(e) , or in the alternative, pursuant to Rule 60(b)(6). The Government filed an opposition (Rec. Doc. 45).

In this motion, the defendant asks the Court to reinterpret his "Motion to Inquire" (Rec. Doc. 41) as a motion for an extension of time to file a notice of appeal. He asserts that the Court should make a finding of "excusable neglect" which would then give the Court the ability to grant an extension of the time required to file a notice of appeal. Fed. R. App. P. 4(a)(5).

Procedural History[1]

On July 16, 2008, a federal grand jury returned a one-count indictment against the defendant, Justo Pastor Rodriguez-Rodriguez, charging him with one count of reentry by a deported alien, in violation of 18 U.S.C. §§ 1326(a) and (b)(2). (Rec. Doc. 1). The Federal Public Defender was appointed to represent the defendant. (Rec. Doc. 9). On September 19, 2008, pursuant to a written plea agreement, the defendant pleaded guilty. (Rec. Doc. 15).

---

[1] As summarized by the Government.

The Presentence Investigation Report ("PSR") indicates that the defendant had an offense level of 17 and a Criminal History Category of 1. His imprisonment range was 24 to 30 months imprisonment. (PSR, para. 46). The Court imposed a sentence of 120 months. On January 22, 2009, the defendant was sentenced to 120 months imprisonment with credit for time served. (Rec. Doc. 21).

The United States Court of Appeals for the Fifth Circuit affirmed the defendant's sentence. The judgment was entered into the district court record on January 8, 2010. (Rec. Doc. 27).

On November 12, 2010, the defendant filed a motion to vacate sentence under 28 U.S.C. § 2255. (Rec. Doc. 34). This motion was denied by the Court, and a judgment to this effect was entered on January 19, 2011. (Rec. Docs. 38, 39). Defendant responded to this judgment by filing objections to the ruling on January 31, 2011. (Rec. Doc. 40 ). The defendant, a pro se petitioner, claims to have believed, in error, that the order entered was the "Report and Recommendation of the Magistrate Judge", rather than the actual judgment on the §2255 motion.

On May 5, 2011, the defendant filed a motion to inquire regarding the status of his objection to the Court's judgment denying his §2255 motion. (Rec. Doc. 41). In response, the Court rendered an order mooting the motion to inquire, stating that "the motion does not require ruling, but seeks an update on the status of his §2255 motion," which was denied on January 19. (Rec. Doc. 43). Apparently realizing his mistake regarding the judgment denying his §2255 motion, defendant filed a motion to alter or amend judgment on May 23. (Rec.Doc. 44) .

Law

Rodriguez did not file his notice of appeal within 14 days after the entry of the judgment as required by Federal Rule of Appellate Procedure 4(b)(1)(A)(i) or within Rule 4(b)(4)'s 30–day

2

window for seeking an extension of time. *United States v. Gutierrez-Pineda*, 2011 WL 1772501, 1 (5th Cir. 2011). Under Federal Rule of Appellate Procedure 4(a)(5), a district court may, for good cause shown, extend the time to file a notice of appeal if a party moves for an extension *no later than* thirty days after the thirty-day appeal period prescribed under Rule 4(a)(1)(A) has lapsed. *Craig v. Police Jury Grant Parish*, 347 Fed.App'x. 119, 123, 2009 WL 3172186, 3 (5th Cir. 2009). However, Rule 4(a)(5)(C) expressly provides: "No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time [for filing an appeal under Rule 4(a)] or 14 days after the date when the order granting the motion is entered, whichever is later." *Harrington v. State Farm Fire & Cas. Co,.* 563 F.3d 141, 146 ( 5th Cir. 2009).

Because this motion was filed 105 days after the judgment was entered, the time allowed for the defendant to seek an extension of time has expired and this court has no jurisdiction to consider this request for an extension of time. Accordingly, the motion will be denied and any appeal taken will be  frivolous and entirely without merit.

Lake Charles, Louisiana, this **28** day of  June, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE

3

RECEIVED
IN LAKE CHARLES, LA

JUL -1 2011

TONY R. MOORE, CLERK
BY_____
           DEPUTY

# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:08 CR 00196 |
| VS. | : | JUDGE MINALDI |
| JUSTO PASTOR RODRIGUEZ-RODRIGUEZ | : | MAGISTRATE JUDGE KAY |

### JUDGMENT

In accordance with the corresponding Memorandum Ruling, for the reasons set forth therein,

IT IS ORDERED, ADJUDGED and DECREED that the Motion to Alter or Amend Judgment (Rec. Doc. 44) pursuant to Fed. R. Civ. P 59(e) , or in the alternative, pursuant to Rule 60(b)(6), filed by the defendant, Justo Rodriguez-Rodriguez, IS DENIED.

IT IS FURTHER ORDERED that any subsequent appeal stemming from this ruling will be frivolous and entirely without merit.

Lake Charles, Louisiana, this 28 day of  June, 2011.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE