RECEIVED
IN LAKE CHARLES, LA.
NOV 30 2012
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | DOCKET NO. 2:08 cr 196-001 |
| VS. | : | JUDGE MINALDI |
| JUSTO P. RODRIGUEZ-RODRIGUEZ | : | MAGISTRATE JUDGE KAY |

### MEMORANDUM RULING

Before the court is the defendant's Motion to Reopen (Rec. Doc. 56) his §2255 motion in light of the Supreme Court's decisions in *Missouri v. Frye*, 132 S. Ct. 1399 (3/21/2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (3/21/2012). The government argues that this motion to reopen is, in actuality, a successive §2255 motion.

This defendant has previously filed a motion under 28 U.S.C. § 2255, which was denied. § 2255(h) by its terms bars a federal prisoner from filing a second or successive motion to vacate, set aside, or correct a sentence unless the appropriate court of appeals certifies that the petition either (1) contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) is premised on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." Rodriguez seeks to file a second § 2255 motion based on the grounds that the Supreme Court's recent decisions in *Frye* and *Lafler* have rendered his sentence unconstitutional. Rodriguez further contends, as he must under § 2255(h), both that the holding in *Frye* and *Lafler*

created a new rule of constitutional law that was previously unavailable to him and that these decision have been made retroactive to cases on collateral review by the Supreme Court. § 2255(h). *In re Sparks,* 657 F.3d 258, 260 (5th Cir. 2011).

This court does not have jurisdiction to determine the merits of this argument. The defendant must seek this authority from the Fifth Circuit Court of Appeal. Therefore, this matter will be dismissed without prejudice and the defendant is instructed to seek permission form the Court of Appeal to file this successive §2255.

Lake Charles, Louisiana, this 20 day of November, 2012.

PATRICIA MINALDI
UNITED STATES DISTRICT JUDGE